UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

CIVIL COVER SHEET

2014 NOV 20 P 1:06

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating the civil docket sheet

RECEIVED

IN RE: Bankruptcy Case No. **Case No. 8-12-74600-reg**   Adv. Pro. No. *(if applicable)* **8-12-08371-reg**

## Bankruptcy Appeal

| APPELLANTS | APPELLEES |
|---|---|
| AHRON BERLIN (PRO SE)<br>1909 NEW YORK AVE.<br>BROOKLYN, NY, 11210<br>Tel (347) 245-3532 | Elliot Zaretsky; 2 Bay Club Dr., # 3Z3, Bayside, NY 11360<br>Harold Zaretsky; 66 Phipp Lane, Plainview, NY 11893<br>Shirley Zaretsky; 2 Bay Club Dr., # 3Z3, Bayside, NY 11360<br>Maxi-Aids, Inc. 42 Executive Blvd, Farmingdale, NY 11735 |
| ATTORNEYS (FIRM NAME, ADDRESS, TEL. NO.)<br>AHRON BERLIN (PRO SE)<br>1909 NEW YORK AVE.<br>BROOKLYN, NY, 11210<br>Tel (347) 245-3532 | ATTORNEYS (IF KNOWN)<br>Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP<br>The Omni, 333 Earle Ovington Blvd., Suite 1010<br>Uniondale, New York 11553<br>(516) 248-1700 |

BASIS OF JURISDICTION: Federal Question

CAUSE OF ACTION - 28:1334 Bankruptcy Appeal (*Write brief statement of cause.*)
Appeal from Final Order/Decision & JUDGMENT denying Discharge and Allowing Proof of Claims # 6, 7, 8, 9, 10, 11, 12.
Order Dated June 19, 2014

NATURE OF SUIT: 422 Bankruptcy Appeal (801)

RELATED CASE(S) IN DISTRICT COURT, IF ANY

DISTRICT JUDGE  Hon. Sandra J. Feuerstein         DOCKET NUMBER  14-cv-03028

*CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:*

☐ *1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT*
☑ *2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION*
☐ *3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK*

Date: November 20, 2014         Signature of Attorney of Record: _____
                                *[or Appellant Pro Se]*

**FOR COURT USE ONLY**

APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**CIVIL COVER SHEET, Bankruptcy Appeal** (cont'd)

Did the cause of action arise in Nassau or Suffolk County? __Yes__

If YES, please indicate which county: __Nassau__

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

YES ☐         NO ☑

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES ☐ (If yes, please explain)        NO ☑

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules.

Attorney Bar Code: _____

E-Mail Address: __syd@cheerful.com__

USBC-84 [r.4/10/03]]

Official Form 17
(12/04)

# United States Bankruptcy Court

EASTERN District Of NEW YORK

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK
2014 NOV 20 P 1: 06
RECEIVED

In re AHRON BERLIN,
    Debtor

Case No. 8-12-74600-REG

Chapter 7

ADV. PRO. NO.
8-12-08371-REG

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

## NOTICE OF APPEAL

AHRON BERLIN, the ~~plaintiff [or~~ defendant ~~or other party~~] appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge (describe) entered in this adversary proceeding [~~or other proceeding~~, describe type] on the 19 day of JUNE, 2014.
(month) (year)

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

ELLIOT ZARETSKY      2 BAY CLUB DR. #323, BAYSIDE N.Y., 11360
HAROLD ZARETSKY      66 PHIPP LANE PLAINVIEW, NY, 11893
SHIRLEY ZARETKY      2 BAY CLUB DR., #323, BAYSIDE, NY 11360
MAXI-AIDS. INC.      42 EXECUTIVE BLVD., FARMINGDALE, NY, 11735
ATTORNEYS: FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO, & TERRANA, LLP
THE OMNI, 333 EARLE OVINGTON BLVD #1010
UNIONDALE, NY, 11553
516-248-1700

Dated: NOVEMBER 20, 2014

Signed: _____
Attorney for Appellant (or Appellant, if not represented by an Attorney)

Attorney Name: AHRON BERLIN

Address: 1909 NEW YORK AVE.
BROOKLYN, N.Y., 11210

Telephone No: (347) 254-3532

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

*If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

AHRON BERLIN,

                Debtor.

Case No. 8-12-74600-reg
Chapter 7

----------------------------------------------------------X
ELLIOT ZARETSKY, HAROLD ZARETSKY,
SHIRLEY ZARETSKY, AND MAXI-AIDS, INC.,

                Plaintiffs,

       -against-

AHRON BERLIN,

                Defendant.
----------------------------------------------------------X

Adv. Pro. No. 8-12-08371-reg

## DECISION AFTER TRIAL

This matter is before the Court pursuant to an adversary proceeding commenced by Elliot Zaretsky, Harold Zaretsky, Shirley Zaretsky, and Maxi-Aids, Inc. (the "Plaintiffs") against Ahron Berlin (the "Debtor" or "Defendant") seeking a determination that prepetition awards in the aggregate sum of $1,290,000.00, plus interest and fees, against the Debtor based on default judgment at the summary judgment stage in a state court action for defamation are nondischargeable under section 523(a)(6) of the Bankruptcy Code. That section provides that a debtor may not be discharged from debt incurred based on liability "for willful and malicious injury by the debtor to another entity or to property of another entity." The Plaintiffs previously made a motion for summary judgment in this adversary proceeding, alleging that the underlying state court findings were *res judicata* in this proceeding and the findings satisfied each element required under section 523(a)(6). Although the Court agreed that the findings regarding the

dollar amount of the debt and the defamation claim were *res judicata* in this proceeding, the state court record was insufficient to conclude that the Debtor's conduct was "willful and malicious" within the meaning of section 523(a)(6). Because defamation can be established without a finding of willful and malicious conduct, and the state court record was unclear as to the Debtor's intent, a hearing was necessary to make appropriate findings. Based on the record before the Court, including the Debtor's closing argument at trial, the Court concludes that the Defendant's conduct regarding the defamatory statements was willful and malicious as to each plaintiff. Therefore, the debts owed by the Debtor to the Plaintiffs as set forth in the State Court judgment are nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## FACTS

Elliot Zaretsky ("Elliot") is the founder and owner of Maxi-Aids, Inc. ("Maxi-Aids"), a company that sells equipment and products designed to enhance the lifestyles of individuals with special needs, such as those who are blind or deaf. Elliot and Shirley Zaretsky ("Shirley") are the married parents of Harold Zaretsky ("Harold"). Harold was married to and subsequently divorced from the Debtor's daughter, Feige Zaretsky ("Feige"). The divorce was bitter and contentious.

On September 26, 2008, subsequent to the entry of the Judgment of Divorce, the Plaintiffs commenced a libel action in the New York State Supreme Court, Nassau County (the "State Court"), against the Debtor and Feige (the "Defendants"). The Plaintiffs alleged that the Defendants sought to destroy the Plaintiffs' reputation by sending false and defamatory statements via email to various third parties, including several employees of Maxi-Aids, Inc.

The emails were incorporated by reference in the State Court complaint and include the following statements:[1]

a. "The Zaretskys have no problem coming up with unlimited funds to pay for lawyers and other court expenses, but have trouble coming up with money for this poor deaf starving mother and her three children."

b. "They brazenly use the courts as a way to try to rid of Faige and use the children as weapons against their own mother."

c. "We believe the information we are sending to you illustrates that the Zaretskys are experienced in implementing corrupt tactics by manipulating the court system as ping pong balls and instruments of abuse against Faige Zaretsky, an innocent victim."

d. "The whole world is in shock. Nobody will tolerate husbands who deprive their wives of food . . . who owe a million in child support and attorney fees . . . who uses every trick to delay paying maintenance and CS . . . who try to steal children from a devoted mother . . . who own over two thirds of the shares of Maxi and lied in court that Harold owns nothing."

e. "If Harold is mentally incompetent, must the must the court appoint a representative for him?"

f. "He [Harold] chooses to follow his father's lead for profit and possibly the fun of stealing and abusing his wife."

g. "Mother Shirley to encourage him to yell at his wife, control his wife, and even punch his wife – gives him 5000 dollar presents every month!"

---

[1] Plaintiffs have annexed as exhibits seven different versions of defamatory emails sent by the Defendants. Plaintiffs' Exs. 14-20. This Court has selected several of the dozens of statements contained in one or more of the emails. As there are four Plaintiffs in this case, the Court has included at least one statement that refers to each of them.

Page 3 of **10**

    h. "It is grandmother Shirley who hates Feige and wants revenge."

    i. "The OWNERS of Maxi-Aid's Corp. began using the army of lawyers of Maxi-Aid's Corp. and all the strategies they learned in 15 years of hostile corporate strategies."

    j. "The very same Shameless team of lawyers of Maxi-Aid's Corp. that was convicted in the supreme court many times of stilling [sic] from the blind and veterans constantly for more than ten years."

    k. "'rerouted' donated most critical medical supplies from poor countries, is an intentionally famed Schemer – debarred from Veterans' Admin contracts – assessed 3 million fine – once filed chapter 11."

    l. "Do the hospitals and companies who deal with Maxi AIDS know that all their paperwork is false and no such corporation exists?"

    m. "Is the NYS Certificate of Incorporation totally <u>fraudulent</u> and a nullity as it is based on false information?"

    n. "Let us sing a Maxi song 'steal cheat lie for a bigger piece of pie, conspire scheme plot for an even blacker pot."

The Defendants filed an Answer in the State Court action, and on November 10, 2008, the Plaintiffs moved in the State Court for summary judgment on their defamation claims. Plaintiffs' Ex. 2. The Defendants failed to file a timely opposition. The Plaintiffs' motion was granted on January 9, 2009. The order issued by Justice Feinman states as follows: "Plaintiffs' unopposed motion for summary judgment is granted." Plaintiffs' Ex. 3. The matter was referred to a Special Referee for an inquest to determine damages. After a trial on the issue of damages, at which the Defendants did not appear, the Special Referee concluded that Elliot, Harold, and

Page 4 of 10

Maxi-Aids each sustained damages in the amount of $380,000.00, and Shirley sustained damages in the amount of $150,000.00. Plaintiffs' Ex. 6. The Special Referee's report and recommendations were adopted by the State Court, and judgment was entered in favor of the Plaintiffs against the Defendants jointly and severally. Plaintiffs' Ex. 7. All of the Defendants' motions to vacate the judgment have been denied.

On September 24, 2012 the Plaintiffs commenced this adversary proceeding to except from the Debtor's discharge the amounts awarded pursuant to the State Court judgments. On May 30, 2013, the Plaintiffs moved for summary judgment asserting that the State Court's prior determination and judgment "conclusively determined that the [Debtor's] debts to the Plaintiffs result from willful and malicious injury." Plaintiffs' Motion for Summary Judgment at 4. Plaintiffs contended that the doctrine of collateral estoppel barred relitigation of whether the Debtor's conduct was willful and malicious, and that the judgments should be excepted from discharge under section 523(a)(6). The Debtor cross-moved for summary judgment to dismiss the complaint. The Court denied both motions and held that the doctrine of *res judicata* barred the Debtor from re-litigating liability and damages for defamation as to each plaintiff; however, the findings made by the State Court were insufficient to establish as a matter of law that the debt was nondischargeable under section 523(a)(6) of the Bankruptcy Code. Because a finding of defamation could be made based on negligence by the defendant under New York law, and the record from the State Court proceeding was not clear as to the Debtor's intent, a hearing would be necessary to determine whether the Debtor's conduct was willful and malicious, as required under section 523(a)(6). *See Roche v. Claverack Co-op. Ins. Co.*, 59 A.D.3d 914, 916, 874 N.Y.S.2d 592, 595-96 (Sup. Ct. App. Div. 3rd Dept. 2009) (defamation can be established upon varying levels of intent, including negligence.).

A trial was held on November 5, 2013. The Plaintiff called Elliot and Feige to testify. At trial, the following exhibits were admitted: Plaintiffs' 1-25; Debtor's B, C, I, J(b), J(c), J(d), J(h), J(j). The exhibits include the letters referred to in the State Court complaint. The Debtor called no witnesses and argued on his own behalf. The Debtor questioned Elliot and Feige briefly and made a closing statement. The Debtor argued that he never wrote or sent the defamatory emails and urged this Court to disregard the State Court judgment based on alleged deficiencies in the Plaintiffs' State Court motion for summary judgment and in the State Court's order granting the motion.[2] In his closing statement, the Debtor referred to the Plaintiffs' motion for summary judgment in the State Court action as "moronic," "empty" and "void." (Trial Tr. p. 99-100). The Debtor offered no reasonable explanation for sending the emails or for their outrageous contents.

## JURISDICTION

A proceeding to determine dischargeability of a particular debt, such as this one, is a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 157 and 1334.

## DISCUSSION

### A. The State Court Judgment

As set forth above, the State Court judgment resolved a number of issues, including the Debtor's liability for defamation and the amount of damages. This Court must afford full faith and credit to the State Court judgment, which is *res judicata* as between the Plaintiffs and the Debtor as to both liability and damages. *See In re Krautheimer*, 210 B.R. 37, 52 (Bankr. S.D.N.Y. 1997). *See also Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987) ("The bankruptcy court . . . was bound to give preclusive effect to the default judgment obtained in the

---

[2] The Debtor previously advanced these and other arguments several times in the State Court. As mentioned above, however, all of the Debtor's motions to vacate the State Court judgment have been denied. Plaintiffs' Exs. 10-12.

Page **6** of **10**

state court by [the Plaintiff] to the same extent as would a New York court."). Therefore, the issue before this Court is "not whether the state court decision was correct, but whether the state court judgment [is] dischargeable under § 523(a)(6)." *In re Salem*, 290 B.R. 479, 482 (S.D.N.Y. 2003) (citing *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987)). Because liability for defamation and damages had already been established as a matter of law, the trial was limited to determining whether the defamatory statements were made by the Debtor with the requisite intent to render them nondischargeable under section 523(a)(6).

### B. "Willful" and "Malicious" under 11 U.S.C. § 523(a)(6)

Section 523 of the Bankruptcy Code provides a list of categories of debts that are excepted from a debtor's discharge. Among them are debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The term "entity" includes a person. 11 U.S.C. § 101(15). The burden is on the Plaintiff to prove, by a preponderance of the evidence, that this exception to discharge applies. *In re Goldberg*, 487 B.R. 112, 125 (Bankr. E.D.N.Y. 2013) (citing *In re Goidel*, 150 B.R. 885, 888 (Bankr. S.D.N.Y. 1993). "As the consequences to a debtor of finding a debt excepted from discharge are severe, exceptions to discharge are to be narrowly construed and all doubts should be resolved in the debtor's favor." *Id.* (citing *In re Wisell*, 494 B.R. 23, 34-35 (Bankr. E.D.N.Y. 2011)).

The terms "willful" and "malicious" are separate elements that must each be proved. *See In re Salem*, 290 B.R. 479, 485 (S.D.N.Y. 2003) (citing *In re Krautheimer*, 241 B.R. 330, 340 (Bankr. S.D.N.Y. 1999)). For purposes of section 523(a)(6), the term "willful" requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *In re Goldberg*, 487 B.R. at 127 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974,

140 L.Ed.2d 90 (1998). "Merely showing that a debtor committed a conscious act that resulted in an injury is not sufficient. The act must be shown to have been done with the intent to cause the injury." *Id.*

The term "malicious" means "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *In re Goldberg*, 487 B.R. at 128 (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir.2006)). "Malice may be constructive or implied . . . . Implied malice may be demonstrated by 'the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *In re Goldberg*, 487 B.R. at 128 (quoting *In re Stelluti*, 94 F.3d 84, 88 (2d Cir. 1996)).

## C. Application

Applying these legal standards to the facts in this case, the Plaintiffs have proved by a preponderance of the evidence that the Debtor's conduct was "willful and malicious," within the meaning of section 523(a)(6).

The Plaintiffs allege that the Debtor made the defamatory statements with the intent to injure the Plaintiffs. The Court agrees. The facts of this case and the extreme nature of the defamatory statements leave no doubt that the Debtor sought to harm the reputations of the Plaintiffs. Elliot testified that the Debtor made the statements because he hated Elliot and Elliot's family. (Trial Tr. p. 70-71). According to Elliot, the Debtor expected to procure $2,000,000 from Elliot's family in connection with the family court proceedings.[3] (Trial Tr. p. 71). When Elliot "didn't let him get away with it," the Debtor retaliated by sending the

---

[3] Elliot testified that he knew this because "That's what [the Debtor] said to his daughter, and his daughter said it to one of her friends, who in turn, my son Harold found out." Tr. at 71-72. The Debtor did not object to the admissibility of this testimony on any grounds. Therefore, the Debtor waived his right to object to the testimony, and the Court may consider it. *See Cameron Int'l Trading Co., Inc. v. Hawk Importers, Inc.*, 03-CV-02496 JS, 2010 WL 4568980 at *4 (E.D.N.Y. Nov. 2, 2010) *aff'd*, 501 F. App'x 36 (2d Cir. 2012).

Page **8** of **10**

defamatory emails. (Trial Tr. p. 71). The emails, many of which are several pages in length, insult, disparage, and allege countless wrongdoings of the Plaintiffs. Elliot testified that due to the nature of Maxi-Aids's business, the reputation and good name of his family and of Maxi-Aids were vital to the business's success. (Trial Tr. p. 22-23). The Debtor also sent several emails to employees of Maxi-Aids. Plaintiffs' Exs. 14-16, 18-20. Elliot testified that the emails affected employee morale and his employees no longer trusted him. (Trial Tr. p. 67). The Court finds that the Debtor made the defamatory statements with the intent to injure the Plaintiffs, thereby establishing "willfulness" within the meaning of section 523(a)(6).

The Plaintiffs have also proved that there is no just cause or excuse for the Debtor's conduct regarding the defamatory statements. The sheer number and outrageous nature of the statements establishes that the Debtor was not merely reckless as to their truth or falsity, but rather knew the statements were false. For example, the Debtor stated that Harold abused Feige and that Harold was mentally incompetent. Plaintiffs' Ex. 14. The Debtor also accused Maxi-Aids of "rerout[ing] . . . critical medical supplies from poor countries." Plaintiffs' Ex. 14. Elliot testified that each and every one of these and other defamatory statements were entirely false. (Trial Tr. p. 50, 54). Therefore, the Court finds that the Debtor acted with "malice" within the meaning of section 523(a)(6).

It should be noted that the Debtor gave no explanation for his conduct, nor did he present any evidence to rebut the Plaintiffs' showing that his actions were anything other than "willful and malicious." The Debtor did not call any witnesses, nor did he elicit any testimony from either of Plaintiffs' witnesses that was relevant to the issue at trial, namely the Debtor's intent for purposes of section 523(a)(6). The Debtor's arguments focused on the merits of the Plaintiffs' defamation case and the validity of the State Court judgment. As discussed previously, those

issues were already conclusively decided by the State Court judgment, which must be given full faith and credit by this Court.

## CONCLUSION

For all of the foregoing reasons, this Court finds that the Plaintiffs have proved that the Debtor's actions were "willful and malicious" within the meaning of 11 U.S.C. § 523(a)(6). Accordingly, the Plaintiffs' awards against the Debtor in the amounts set forth in the State Court judgment are nondischargeable. The Court shall enter judgment in favor of the Plaintiffs forthwith.

Dated: Central Islip, New York
      June 19, 2014                        By: */s/ Robert E. Grossman*
                                                 Robert E. Grossman,
                                                 United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

AHRON BERLIN

Case No. 8-12-74600-reg
Chapter 7

                       Debtor.
----------------------------------------------------------X
ELLIOT ZARETSKY, HAROLD ZARETSKY,
SHIRLEY ZARETSKY, AND MAXI-AIDS, INC.

                       Plaintiffs.

Adv. Pro. No. 8-12-08371-reg

               -against-

AHRON BERLIN,

                       Defendant.
----------------------------------------------------------x

## JUDGMENT

Pursuant to the Court's Decision After Trial, dated June 19, 2014, **JUDGMENT** is hereby entered in favor of the Plaintiffs. The full amount of the judgment-debt described in the Decision After Trial is hereby excepted from discharge under 11 U.S.C. § 523(a)(6).

Dated:  Central Islip, New York
          June 19, 2014         ***/s/ Robert E. Grossman***
                                                Robert E. Grossman
                                                United States Bankruptcy Judge

## **CERTIFICATE OF SERVICE**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X    Case No.: 12-74600
In Re: AHRON BERLIN

                Debtor.
-------------------------------------------------
ELLIOT ZARETSKY;
HAROLD ZARETSKY;
SHIRLEY ZARETSKY;
MAXI-AIDES, INC.

                              Plaintiffs    Adv. Pro. No.: 12-08371-reg

      -against-

AHRON BERLIN,

                      Defendant.
-------------------------------------------------------------X

The undersigned certifies that a copy of the annexed two notices of appeals Dated November 20, 2014, appealing from an orders Dated June 19, 2014, and November 7, 2014, with Cover Sheet and annexed copy of the order, was served on the following listed parties by depositing a true copy of same, enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

FORCHELLI, CURTO, DEEGAN,
SCHWARTZ, MINEO, &
TERRANA, LLP
The Omni,
333 Earle Ovington Blvd, Suite 1010
Uniondale, New York 11553
Attorneys for Appellees
Elliot Zaretsky; Harold Zaretsky;
Shirely Zaretsky; Maxi-Aids, Inc.
Office of the United States Trustee

U.S. Bankruptcy Court
Alfonse M. D'Amato U.S. Courthouse
560 Federal Plaza
Central Islip, NY 11722

Robert L. Pryor, Esq.,
Chapter 7 Trustee,
675 Old Country Road
Westbury, NY 11590

Dated November 20, 2014

                                                AHRON BERLIN
                                                Pro-Se Appellant
                                                1909 New York Ave.,
                                                Brooklyn, NY, 11210