UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
In Re:

                                                  Case No.: 12-74600-reg

AHRON BERLIN

                         Debtor.
-------------------------------------------------------X
ELLIOT ZARETSKY, HAROLD ZARETSKY,
SHIRLEY ZARETSKY AND MAXI-AIDES, INC.


                             Plaintiffs.               Adv. Pro. No.: 12-08371-reg
            -against-


AHRON BERLIN,

                              Defendant.
---------------------------------------------------------- X

**REPLY AFFIRMATION IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT**

       MICHAEL G. Mc AULIFFE, ESQ., an attorney duly licensed to practice law before this

Court and all the courts of the State of New York, affirms the following under penalties of

perjury:

**INTRODUCTION**

       1.      I am the principal attorney of the Law Offices of Michael G. McAuliffe, attorneys

for ELLIOT ZARETSKY, HAROLD ZARETSKY, SHIRLEY ZARETSKY and MAXI-AIDES,

INC (collectively, the "Plaintiffs"), the Plaintiffs in this adversary proceeding, and I submit this

Affirmation in further support of the Plaintiffs' Motion for Summary Judgment and in opposition

to the Defendant's Cross-Motion for Summary Judgment[1].

2.    For the reasons set forth fully below, it is respectfully submitted that the legal and equitable principles at issue here mandate that the Plaintiffs' Motion for summary judgment be granted in its entirety and the Defendant's Motion for Summary Judgment be denied in all respects.

## PRELIMINARY STATEMENT

3.    While the Defendant contends that there are issues of fact that are contested by the parties, the truth of the matter is that the essential facts are, in reality, not contested.   The essential facts are that the Court in the Defamation Action entered the Defamation Action Judgment against the Defendant in favor of the Plaintiffs, and that Defendant's actions were deemed to be both willful and malicious in the Defamation Action.

4.    Moreover, the evidence proves that the Defendant has had the benefit of full and comprehensive due process in the Defamation Action, in that he had a full and fair opportunity to contest the Defamation Action Judgment in the Defamation Court.  The Defendant made numerous motions to the Defamation Court seeking to vacate the Defamation Action Judgment, each of which was denied by the Defamation Court.  It went so far that the Defamation Court had to take the extraordinary step of prohibiting the Defendant from filing any motions or orders to show cause in the Defamation Action without first obtaining Court approval.  The Defendant then filed several appeals regarding the Defamation Action Judgment, but, upon information and belief, never perfected any of the appeals.

---

[1]    Capitalized terms used in this Reply, unless specifically defined herein,  shall have the same definitions given for them in the Plaintiffs' 7056-1 Statement.

5.      The law in this Circuit is clear.  "Collateral estoppel, an equitable doctrine, is based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it *(see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485; *see also, Kaufman v Lilly & Co.*, 65 NY2d 449, 455).  As this doctrine has evolved, only two requirements must be satisfied. First, the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action *(see, Kaufman v Lilly & Co., supra*, at 455). Second, the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination. D'Arata v. New York Central Mutual Fire Insurance Company, 76 N.Y.2d 659, 664, 563 N.Y.S.2d 24, 26 (N.Y. Ct. of Appeals 1990).

6.      Here, as will be fully demonstrated below, the Plaintiffs have evidenced that the aforementioned standard has been met, and the Defamation Action Judgment should be given collateral estoppel effect and deemed to be non-dischargeable herein.

## THE DEFENDANT'S COUNTER-STATEMENT OF FACTS DOES NOT GIVE RISE TO ANY CONTESTED ISSUES OF MATERIAL FACT

7.      The Defendant's Counter-7056-1 Statement does not dispute the fact that the Defamation Action Judgment was entered against him.  Instead the Defendant incredulously claims that he "never had any opportunity whatsoever to defend against the subject libel action as a result of extrinsic fraud...", despite the clear evidence contained in the Plaintiffs' 7056-1 Statement that he took every opportunity available to him to overturn the Defamation Action Judgment in the Defamation Court, all of which proved unsuccessful.

8.      The Defendant attempts to persuade this Court that virtually all of the participants in the Defamation Court Action were conspiring against him, from the various Judges involved in the case, to the Court-appointed referee, to his very own counsel, and that as a result of this conspiracy, the Defamation Action Judgment should be given no credence.  The Defendant's Counter-7056-1 Statement provides what the Defendant believes to be evidence of this conspiracy.  However, none of the "issues" raised by the Defendant are properly before this Court, as they were all raised and resolved in the Defamation Action.  In fact, the Defendant raised these issues in the Defamation Court so many times that he was barred from bringing further motions or orders to show cause without prior Court approval.

9.      The Defendant's recourse after his failure to have the Defamation Action Judgment overturned by the Defamation Court was to appeal the decisions of the Defamation Court, which the Defendant did.  However, the Defendant failed to **perfect** his appeal and, as such, the Defamation Action Judgement stands.

10.      The Defendant's Counter-7056-1 Statement asserts that there is an appeal of the Defamation Action Judgment currently pending  (bearing Appellate docket number 2010-10359). There was an order issued by the Appellate Division in said appeal dated August 10, 2011, (the "Appellate Division Order", a copy of which is annexed hereto at Exhibit "A"), which provided that the time to perfect the appeal had been enlarged to October 11, 2011 and that the "joint record or appendix on the appeals and the appellants' respective briefs must be served and filed on or before that date."  The Appellate Division Order further states that "no further enlargement of time shall be granted."

11.     An appeal is perfected when the appellant or petitioner has taken all the steps necessary to place it on the court's calendar (22 NYCRR 670.2[a][4]). Generally, this means filing a brief and providing the court with the papers that led to the determination under review. While the Defendant has annexed a copy of his reply brief in this appeal, it is believed that the appeal was never properly perfected and therefore was never heard by the Appellate Division.

12.     Your Affirmant has conducted a detailed review of the Appellate Division records, and has found no evidence that the aforesaid appeal is pending or was ever decided. Thus, given that the time to perfect the appeal was almost two years ago, and that there is no current evidence of a pending appeal, it is respectfully submitted that the appeal was never properly perfected and was ultimately dismissed.

13.     By virtue of the foregoing, it is respectfully submitted that there are no issues of genuine material fact that are raised by the Defendant's Counter-7056-1 Statement, and as such, this action is ripe for summary judgment.  Moreover, it is respectfully submitted that the evidence provided herein and in the Plaintiffs' 7056-1 Statement and Memorandum of Law conclusively prove that the Defamation Action Judgment satisfies the standard for both "willful" and "malicious" and that the Defendant has had a full and fair opportunity to fully litigate same, and as such, this Court should find that the Defamation Action Judgment is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

## <u>DISCUSSION</u>

14.     The first argument raised in the Defendant's Memorandum of Law is that the Plaintiffs have not proven that the Defamation Action Judgment is for willful and malicious injury.

15.     In making his argument, the Defendant simply makes the self-serving statement that the Plaintiffs have not proven that the Defamation Action Judgment was willful and malicious.  He does not address the solid legal arguments provided by the Plaintiff that establish that the Defamation Action Judgment does indeed meet the standards for willful and malicious, but instead simply advises the Court, again, that the Plaintiffs and the others involved in the Defamation Action were perpetrating an "extrinsic fraud" on the Defendant.

16.     As set forth in detail in the Plaintiffs' Memorandum of Law, as the Defamation Court found that the Willful and Malicious E-mails that were published by the Defendant were false, malicious and defamatory statements (thereby establishing malice), and as a result issued the Defamation Action Judgment for the intentional tort of libel (thereby establishing willfulness), it is respectfully submitted that the relitigation of whether the Defendant's debt to the Plaintiffs arose through willful and malicious conduct is barred by the doctrine of collateral estoppel, as it has already been conclusively established..

17.     The second argument raised in the Defendant's Memorandum of Law is that the Defamation Action Judgment was improper because issue had not been joined.   However, even if the Defendant were correct and there had been no answer filed by the Defendant in the Defamation Action, the Defamation Action Judgment would still be proper as it would then have constituted a default judgment, which is still an appropriate basis for collateral estoppel.

18.     As set forth fully in the Plaintiffs' Memorandum of Law, a  "bankruptcy court must give preclusive effect to the default judgment "to the same extent as would a New York court." *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987), *cert. denied*, 484 U.S. 1007, 98 L. Ed. 2d 652, 108 S. Ct. 701 (1988). Under New York law, "the party seeking the benefit of the

6

collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action." *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 664, 563 N.Y.S.2d 24, 26, 564 N.E.2d 634 (1990)." <u>Marriot International, Inc. Employee Profit Sharing, Savings and Retirement Plan and Trust v. Suarez (In re Suarez)</u>, 1996 U.S. Dist. LEXIS 22731, 7-8 (E.D.N.Y. 1996). <u>See</u> also <u>Fairchild, Arabatzis & Smith, Inc. v. Prometco (Produce & Metals) Co., LTD</u>, 470 F. Supp. 610, 617 (S.D.N.Y. 1979).

19.     Clearly, the aforementioned standard has been met in the case at bar.  The identical issues of willfulness and maliciousness that are before this Court were determined by the Defamation Court.  Moreover, as has been set forth exhaustively herein and in the Plaintiffs' 7056-1 Statement, the Defendant has had more than ample opportunity to contest the prior determination.

20.     Therefore, it is respectfully submitted that even if the Defamation Action Judgment were obtained on default, applicable law provides that collateral estoppel must apply and that this Court should determine that the Defamation Action Judgment is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

21.     The third argument raised by the Defendant's Memorandum of Law, that the Defamation Action Judgment was improper against his daughter due to her disabilities, is moot as she is not a party to this action.

22.     The fourth and fifth arguments raised by the Defendant's Memorandum of Law are equally misplaced, as they assert that the issuance of the Defamation Action Judgment did not meet the legal requirements of FRCP 56.  As the Defamation Action Judgment was decided in State Court, and FRCP 56 applies to federal actions only, FRCP 56 and the law cited in the Defendant's fourth and fifth arguments are inapplicable to the Defamation Action Judgment.

23.     The sixth argument raised by the Defendant's Memorandum of Law is that collateral estoppel cannot be applied to a default judgment.  The Defendant then goes on to cite what it determines to be "controlling" law issued by the Tenth Circuit.

24.     However, the actual controlling law in this, the Second Circuit, which has been set forth above and in the Plaintiffs' Memorandum of Law, clearly provides that collateral estoppel is appropriate on a default judgment if the identical issues were addressed and the party had a full and fair opportunity to contest the prior determination.  As set forth above at paragraphs 18 and 19, the identical issues of willfulness and maliciousness that are before this Court were determined by the Defamation Court, and the Defendant has had more than ample opportunity to contest the prior determination.

25.     Therefore, in accordance with the law in this Circuit, collateral estoppel must apply and that this Court should determine that the Defamation Action Judgment is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

26.     The Defendant's final argument is that the Plaintiffs' argument regarding "law of the case" is unfounded as the Plaintiff has not asserted a "law of the case" argument.  The Defamation Court, in its September 13, 2010 Order stated that the July 27, 2010 Order denying the Defendant's prior motion was law of the case, and as it had not been appealed from, must stand.

27.     The Defendant's recourse was to appeal this Order, which it did, as the appeal discussed above bearing Appellate Division Index Number 2010-10359 was of this Order. However, unpon information and belief, such appeal is no longer pending as it was apparently never properly perfected.

28.     Thus, it is respectfully submitted that the Defendant's arguments are either inapplicable or unpersuasive, and as such, summary judgment in favor of the Defendant is inappropriate.

## CONCLUSION

29.     Based on the foregoing, it is respectfully submitted that applicable legal and equitable principals require that this Court should grant the Plaintiffs' Motion for Summary Judgment in its entirety, and deny the Defendant's Cross-Motion for Summary Judgment in its entirety.

**WHEREFORE,** Plaintiffs respectfully demand summary judgment determining the Defendant's debt to the Plaintiffs to be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6), together with such other, further and different relief as this Court deems just and proper under the circumstances.

Dated:  Melville, New York
          July 15, 2013

Law Offices of Michael G. Mc Auliffe, Esq.
Counsel to the Plaintiffs

By:      */s/ Michael G. Mc Auliffe*
         Michael G. Mc Auliffe
         68 South Service Road, Suite 100
         Melville, New York 11747
         (631) 465-0044

9

EXHIBIT "A"

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M124346
E/sl

A. GAIL PRUDENTI, P.J.
RANDALL T. ENG
L. PRISCILLA HALL
SHERI S. ROMAN, JJ.

_____

2010-10359                                    DECISION & ORDER ON MOTION

Elliot Zaretsky, et al., respondents,
v Aaron Berlin, et al., appellants.

(Index No. 17859/08)

_____

      Motion by the appellants on appeals from an order of the Supreme Court, Nassau County, entered September 16, 2010, inter alia, to stay enforcement of a judgment of the same court dated December 1, 2009, pending hearing and determination of appeals from the order, and to enlarge the time to perfect the appeals from the order. Cross motion by the respondents to impose a sanction upon the appellants.

      Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, it is

      ORDERED that the branch of the motion which is to enlarge the time to perfect the appeals from the order is granted, the appellants' time to perfect the appeal is enlarged until October 11, 2011, and the joint record or appendix on the appeals and the appellants' respective briefs must be served and filed on or before that date; and it is further,

      ORDERED that no further enlargement of time shall be granted; and it is further,

      ORDERED that the motion is otherwise denied; and it is further,

      ORDERED that the cross motion is denied.

PRUDENTI, P.J., ENG, HALL and ROMAN, JJ., concur.

           ENTER:

_Matthew G. Kiernan_
Matthew G. Kiernan
Clerk of the Court

August 10, 2011

ZARETSKY v BERLIN

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                    Chapter 7

AHRON BERLIN,
                                                    Case No. 12-74600

                        Debtor.
-------------------------------------------------------------X

ELLIOT ZARETSKY, HAROLD ZARETSKY,
SHIRLEY ZARETSKY AND MAXI-AIDS, INC.

                        Plaintiffs.                 Adv. Pro. No.: 12-08371

        -against-

AHRON BERLIN,

                        Defendant.
-------------------------------------------------------------X

                 **AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL**

STATE OF NEW YORK      )
                       )
COUNTY OF SUFFOLK      )

        Andrea Savin, being duly sworn, deposes and says:

        I am not a party in the above referenced action, am over 18 years of age and reside in
Nassau County, New York.  On July 15, 2013, I served a copy of the within **"Reply Affirmation
in Further Support of Plaintiffs' Motion for Summary Judgment and in Opposition to
Defendant's Cross-motion for Summary Judgment with Exhibit"**, by depositing a true copy
thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and
custody of the U.S. Postal Service within New York State, addressed to each of the entities set
forth below, at the last known address set forth after each name as follows:

                        Ahron Berlin
                        1909 New York Ave
                        Brooklyn, NY 11210


                                            _Andr_ea Savin_____
                                            Andrea Savin

sworn to before me on this 15ᵗʰ day
of July, 2013

    _Michael G. Mc Auliffe_____
NOTARY PUBLIC